IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MARKUM WOODROW PEAVEY** | § | |
| | § | |
| V. | § | A-15-CA-971-SS |
| | § | |
| **WILLIAM STEPHENS** | § | |

## ORDER

Before the Court are Petitioner Markum Woodrow Peavey's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 7); and Peavey's Affidavit (Document 9). Peavey, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds Peavey's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.  Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Peavey pursuant to a judgment and sentence of the 26th Judicial District Court of Williamson County, Texas, in cause number 08-1604-K26. Peavey was charged as a habitual offender with aggravated perjury. Upon waiving his right to a jury trial, Peavey proceeded before the court. On September 30, 2009, the trial court found Peavey guilty, and finding the enhancement allegations to be true, assessed punishment at 30 years' imprisonment. Because Peavey committed the aggravated perjury offense while he was incarcerated, the trial court ordered the 30-year sentence to run consecutively to the 55-year sentence Peavey was serving when he committed the aggravated perjury offense. See TEX. CODE CRIM. PROC. ANN. art. 42.08(b) (West Supp. 2011).

Peavey's conviction was affirmed by the Eleventh Court of Appeals on January 19, 2012. Peavey v. State, No. 11-10-00012-CR, 2012 WL 170965 (Tex. App. – Eastland 2012, pet. ref'd). Peavey's petition for discretionary review was refused on April 25, 2012. Peavey v. State, PD 416-12.

Peavey also challenged his conviction in a state application for habeas corpus relief. The Court of Criminal Appeals denied it without written order on July 29, 2015. Ex parte Peavey, Appl. No. 70,212-03.

## B.   Factual Background

In 2003, after pleading guilty, Peavey was convicted of driving while intoxicated in 2001. He was sentenced to seven years in prison. In late 2004 or early 2005 he was released on parole. In August 2005, Peavey was once again arrested for driving while intoxicated. After a jury trial in 2006, Peavey was found guilty and sentenced to 55 years in prison. While in prison in 2008, Peavey filed a state application for habeas corpus relief in which he claimed he was actually innocent of driving while intoxicated in 2001. In his application he claimed (1) he passed two breath tests, (2) he was actually innocent, and (3) the two breath tests indicated below .01. The state court found Peavey signed the state writ application under penalty of perjury and the application contained material false statements. Peavey denied he signed the application. Rather, he claimed an inmate assisting him with the writ application signed it.

## C.   Petitioner's Grounds for Relief

Peavey alleges he is actually innocent. He claims another inmate signed his state habeas application and Peavey had no knowledge of it. Peavey asserts the evidence was legally insufficient to support his conviction for aggravated perjury.

D.   **Exhaustion of State Court Remedies**

Respondent does not contest that Peavey has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows Peavey has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

A.   **The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, 562 U.S. 86, 97–100 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 562 U.S. at 98.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following

3

all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 100 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

**B.      Actual Innocence**

To the extent Peavey is attempting to raise a freestanding innocence claim, his claim fails. The Fifth Circuit does not recognize actual innocence as a basis for federal relief under § 2254. Lucas v. Johnson, 132 F.3d 1069, 1075-76 (5th Cir. 1998); United States v. Fields, 761 F.3d 443, 479 (5th Cir. 2014) (denying request for a certificate of appealability on a claim of "actual innocence"), cert. denied, 135 S. Ct. 2803 (2015). The Court is bound by clear precedent.

**C.      Sufficiency of the Evidence**

Peavey contends the evidence is legally insufficient to support his conviction. Specifically, Peavey contends there is no evidence linking him to the signature on the perjured document. Peavey raised this issue on direct appeal. After reviewing the evidence, the state appellate court concluded the evidence was legally sufficient to support Peavey's conviction.

The standard for testing the sufficiency of evidence in a federal habeas review of a state court conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt so long as a reasonable trier of fact could find the evidence established guilt beyond a reasonable doubt. United States v. Leahy, 82 F.3d 624, 633 (5th Cir. 1996).

The State charged Peavey with aggravated perjury under Section 37.03 of the Penal Code because he allegedly made material false statements, under oath, in his state application for writ of habeas corpus. See TEX. PENAL CODE ANN. § 37.03 (West 2011). Section 37.02 of the Penal Code provides, in relevant part, that a person commits the offense of perjury "if, with intent to deceive and with knowledge of the statement's meaning: (1) he makes a false statement under oath or swears to the truth of a false statement previously made and the statement is required or authorized by law to be made under oath." Id. § 37.02(a)(1). A person commits the offense of aggravated perjury "if he commits perjury as defined in Section 37.02, and the false statement: (1) is made during or in connection with an official proceeding; and (2) is material." Id. § 37.03(a)(1), (2).

In reviewing Peavey's challenge to the sufficiency of the evidence, the state appellate court summarized the evidence as follows:

> The record shows that, on July 21, 2003, pursuant to a plea bargain agreement, appellant pleaded guilty to the offense of driving while intoxicated in Cause No. 01–995–K368 in Williamson County, Texas. The State introduced into evidence a copy of the judgment of conviction in that cause number as State's Exhibit No. 1. Before pleading guilty, appellant signed his name—"Mark Peavey"—on page 2 of a document entitled "Admonitions to the Defendant." Appellant verified his signature to the court clerk. The State introduced a copy of the admonitions into evidence as

6

State's Exhibit No. 8. In the admonitions, appellant judicially confessed to committing the offense of driving while intoxicated. During the plea hearing, appellant admitted that he committed the offense of driving while intoxicated on May 27, 2001, as was alleged in the indictment in Cause No. 01–995–K368. The trial court accepted appellant's plea, found appellant guilty of the offense of driving while intoxicated, found an enhancement allegation to be true, and assessed appellant's punishment at seven years confinement. In late 2004 or early 2005, appellant was released from prison on parole.

In August 2005, appellant was indicted for the offense of driving while intoxicated in Cause No. 05–855–K368 in Williamson County. That cause proceeded to a jury trial in June 2006. The jury convicted appellant, found three enhancement allegations to be true, and assessed his punishment at fifty-five years confinement. Appellant testified during the guilt/innocence phase and the punishment phase of the jury trial in Cause No. 05–855–K368. When questioned about his 2001 arrest for driving while intoxicated that led to his 2003 conviction in Cause No. 01–995–K368, appellant testified that he did not realize how intoxicated he was "until he had the test" and that there was no doubt he was driving while intoxicated on that occasion.

On March 5, 2008, the district clerk of Williamson County filed the subject application for writ of habeas corpus. The State introduced a copy of the application into evidence as State's Exhibit No. 3. As stated above, the application indicated that appellant was seeking relief from his conviction in Cause No. 01–995–K368 for driving while intoxicated. The application contained the following statements, among others: (1) "Applicant is actually innocent of this offense as he passed two breath tests"; (2) "Applicant is Actually Innocent of Offense Charged"; and (3) "Applicant is actually innocent of this offense when the two breath tests indicated below .01 on the breath test." Page 11 of the application contained the following declaration:

INMATE'S DECLARATION

I, Markum Peavey, BEING PRESENTLY INCARCERATED IN McConnell Unit–TDCJ–CID, DECLARE UNDER PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE APPLICATION ARE TRUE AND CORRECT.

SIGNED ON 2-26-2008.

/s/ Mark Peavey

Signature of Applicant

The name "Markum Peavey" and the name of the prison unit were typewritten into the blanks in the above declaration. The name on the signature line—"Mark Peavey"—was handwritten.

The State introduced copies of other documents that were filed in the habeas proceeding (Cause No. 01–995–K368A) into evidence as State's Exhibit Nos. 4 through 7. Appellant's name was signed on each of these exhibits.

Department of Public Safety Trooper Michael Klein testified about appellant's May 27, 2001 arrest for driving while intoxicated. Trooper Klein testified that he observed appellant driving eighty-eight miles per hour in a sixty-five mile-per-hour zone. Trooper Klein also said that appellant was driving erratically. Therefore, Trooper Klein activated the video equipment in his patrol car and stopped appellant. The State introduced a copy of the videotape into evidence as State's Exhibit No. 14. Trooper Klein testified that appellant showed all six clues on the horizontal gaze nystagmus test. Trooper Klein administered a portable breath test to appellant, and the test indicated that appellant had an alcohol level of .15, which Trooper Klein said was almost twice the legal limit. Appellant submitted to a second portable breath test, and it showed the same result. Trooper Klein testified that he did not tell appellant he passed the test and that he never told appellant that the test showed an alcohol level of below .01. Based on his investigation, Trooper Klein arrested appellant for driving while intoxicated.

Trooper Klein administered an intoxilyzer test to appellant at the DPS office. Appellant provided two breath samples during the test. The first breath sample taken from appellant showed an alcohol concentration of .141, and the second breath sample taken from appellant showed an alcohol concentration of .138. At one point, appellant thought he had passed the test because the machine showed a "000" during the test. The State introduced a printout showing the results of appellant's intoxilyzer test into evidence as State's Exhibit No. 17. Trooper Klein testified that he showed the printout to appellant and explained to appellant that his samples showed levels of .141 and .138.

Appellant presented Michael McCann as a witness. McCann testified that he was an inmate at the McConnell Unit of the Texas Department of Corrections, which was also appellant's prison unit. McCann said that he was serving a life sentence for a capital murder conviction. He also said that he had prepared over 600 applications for writs of habeas corpus for inmates at the McConnell Unit.

McCann said that he and appellant discussed appellant's Williamson County convictions. Appellant provided McCann with information about those convictions. McCann believed that appellant should attack his 2003 conviction for driving while intoxicated because that conviction had been used to enhance appellant's sentence

in his later case. McCann testified that he typed appellant's application for writ of habeas corpus. At one point, McCann testified that he believed he signed appellant's name to the inmate's declaration in the application. At another point, McCann testified that he was "90 percent sure" that he signed appellant's name to the inmate's declaration. During cross-examination, the prosecutor showed the "Mark Peavey" signature underneath the inmate's declaration to McCann and asked McCann whether he wrote it. McCann answered, "I don't think so. I'm not sure. That's—I don't think that's mine. That's really close." Soon thereafter, McCann again testified that he was "90 percent sure" that he signed appellant's name to the inmate's declaration.

McCann was also questioned about other documents that were filed in appellant's habeas proceeding. The name, "Mark Peavey," was signed on each of these documents. State's Exhibit No. 4 was a letter to the district clerk. McCann testified that he wrote the letter and that appellant signed appellant's name on the letter. State's Exhibit No. 5 consisted of an affidavit of Mark Peavey and a letter transmitting the letter to the district clerk. McCann testified that he did not sign appellant's name to the letter and that he did not think he signed appellant's name to the affidavit. State's Exhibit No. 6 was a motion requesting the court to review the videotape of the 2001 stop of appellant. McCann testified that he signed appellant's name to the motion. State's Exhibit No. 7 was a response to the State's answer to the application for writ of habeas corpus, and it also included a request for an evidentiary hearing. McCann testified that he signed appellant's name to the response and to the certificate of service on the response.

Peavey v. State, No. 11-10-00012-CR, 2012 WL 170965 at, 2-4 (Tex. App. – Eastland 2012, pet. ref'd).

The appellate court found the evidence was sufficient to support Peavey's conviction for aggravated perjury. The court explained:

The evidence showed that appellant signed his name on the admonitions to defendant in Cause No. 01–995–K368. A copy of the admonitions was admitted into evidence as State's Exhibit No. 8. A copy of the application for writ of habeas corpus was admitted into evidence as State's Exhibit No. 3. The signature, "Mark Peavey," is under the inmate's declaration in the application. The signatures on the application and the admonitions are very similar. Based on the evidence, the trial court could have reasonably concluded that appellant signed the application. Article 38.27; Logan, 48 S.W.3d at 301. Therefore, we find that the evidence is sufficient to establish that appellant signed the application.

> McCann gave inconsistent testimony about whether he signed appellant's name on the application for writ of habeas corpus. McCann first testified that he was "90 percent sure" that he signed appellant's name. Later, McCann said that he did not think he signed appellant's name. Finally, McCann again said that he was "90 percent sure" that he signed appellant's name. As the trier of fact, the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony, and it was free to believe or disbelieve all or any part of any witness's testimony. Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.1986); Polk, 337 S.W.3d at 289. Thus, the trial court was free to disbelieve McCann's testimony. McCann also testified that he signed appellant's name on State's Exhibit Nos. 6 and 7. We note that the "Mark Peavey" signatures on these exhibits are different from the "Mark Peavey" signature on appellant's application for writ of habeas corpus.
>
> The evidence, which is summarized above, showed that appellant's application for writ of habeas corpus contained false statements that appellant was "actually innocent of this offense," that appellant "passed two breath tests," and that "the two breath tests indicated below .01." A statement is "material" if it could have affected the course or outcome of the official proceeding. TEX. PENAL CODE ANN. § 37.04(a) (West 2011). A habeas proceeding is an official proceeding. See id. § 1.07(a)(33) (West Supp. 2011) ("Official proceeding" is defined as including "any type of ... judicial proceeding that may be conducted before a public servant."). Whether a statement is material in a given factual situation is a matter of law. Id. § 37.04(c) (West 2011). The false statements in appellant's application, if true, could have affected the course or outcome of the habeas proceeding. Therefore, the false statements were material. We hold that the evidence is sufficient to support appellant's conviction for aggravated perjury. Appellant's point of error is overruled.

Id. at *5-6.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. As explained by Respondent, Peavey's claim is nothing more than a disagreement with the trial court's resolution of conflicts of evidence and credibility choices. Accordingly, Peavey's claim does not warrant federal habeas relief.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the denial of Peavey's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

11

IT IS ORDERED that Petitioner Markum Woodrow Peavey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DENIED;

IT IS FURTHER ORDERED that a certificate of appealability is denied.

SIGNED this the 4th day of February 2016.

*[signature]*
SAM SPARKS
UNITED STATES DISTRICT JUDGE